| | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 02/07/2022 |
|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE BEVEL,

                        Plaintiff,

v.

METROLUX MANOR CORP and SHAYA SEIDENFELD,

                        Defendants.

No. 21-CV-2689 (RA)

ORDER REJECTING
SETTLEMENT AGREEMENT

RONNIE ABRAMS, United States District Judge:

      Plaintiff Royce Bevel brought this action against Metrolux Manor Corporation and Shaya Seidenfeld (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Before the Court is the parties' application for approval of a settlement agreement. Although the Court concludes that the settlement amount and attorneys' fees are reasonable, it cannot approve of the settlement agreement's release provision.

      Under the proposed settlement agreement, Defendants agree to pay Plaintiff $17,500. *See* Settlement Agreement at 1; Fairness Letter at 2. This includes $5,677 in attorneys' fees and $468 in costs; thus, Plaintiff will receive $11,355. *See* Fairness Letter at 2. Plaintiff estimates that, were he to recover in full, he would receive $9,940 on his wage claims (consisting of $2,540 in unpaid wages and $7,400 on his NYLL wage notice and wage statement violation claims). *See id.* at 1. This means that the proposed settlement agreement leaves Plaintiff with approximately 114% of his maximum potential recovery on his wage claims. Such an amount is fair and reasonable. *See Shah v. 786 MS Corp.*, No. 20-cv-4406 (KMK), 2021 WL 2789277, at *1 (S.D.N.Y. June 1, 2021)

("[B]ecause Plaintiff will receive over 100% of his calculated damages, the Court finds this sum fair and reasonable."); *Fraticelli v. MSG Holdings, L.P.*, No. 13-cv-6518 (HBP), 2018 WL 5004867, at *2 n.2 (S.D.N.Y. Oct. 16, 2018) ("[P]ermitting Fraticelli to recover more than 100% of his alleged damages is certainly in line with the FLSA's 'remedial and humanitarian goals.'" (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015))).

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229-30 (S.D.N.Y. 2016). Here, counsel's "contingency fee" amounts to $5,677, which is exactly one-third of the settlement amount. *See* Fairness Letter at 2. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-cv-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). Accordingly, the Court approves of the attorneys' fees as reasonable.[1]

The Court cannot, however, approve of the broad release in the settlement agreement. In FLSA settlements, "[r]eleases may not include claims 'that have no relationship whatsoever to wage-and-hour issues' and may not cover claims that were never raised by Plaintiff in the case." *Fernandez v. New York Health Care, Inc.*, No. 19-cv-11575 (OTW), 2020 WL 8880948, at *3 (S.D.N.Y. Apr. 20, 2020) (quoting *Cheeks*, 796 F.3d at 206). The release provision in the settlement agreement here is far broader than the FLSA and NYLL claims Plaintiff raised: it releases Defendants "of and from any and all claims in connection with Plaintiff's employment with Defendants, as of the date of execution of this Agreement, consistent with [*Cheeks*]."

---

[1] The Court observes that counsel is collecting a one-third fee "despite the fact that no substantive litigation took place in this matter beyond the filing of a complaint and settlement negotiations." *Carson v. Team Brown Consulting, Inc.*, 416 F. Supp. 3d 137, 148 (E.D.N.Y. 2017). While this fact may be cause for concern in some situations with a lower settlement amount, the Court concludes that this arrangement is still fair to Plaintiff because Plaintiff is recovering over 100% of his alleged damages even after subtracting fees.

Settlement Agreement at 3. This does not meet the standards established for approval by courts in this District.[2] *See Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-cv-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (finding that an agreement requiring plaintiff "to waive essentially all claims that may have arisen out of his employment with Defendants" was not fair and reasonable). Nor, as multiple courts in this District have observed when faced with similar language, does "[t]he 'consistent with *Cheeks*' language . . . add clarity to the terms of the agreement." *Lazaro v. Liberty Car Serv., Inc.*, No. 19-cv-7314 (LDH) (LB), 2021 WL 4487874, at *2 (E.D.N.Y. Sept. 30, 2021); *see Seck v. Dipna Rx, Inc.*, No. 16-cv-7262 (PKC), 2017 WL 1906887, at *2 (S.D.N.Y. May 8, 2017) (concluding that a "settlement agreement . . . [that] purports to release all claims against defendants but only to the extent 'consistent with *Cheeks*' . . . is circular"). "If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action." *Lazaro-Garcia*, 2015 WL 9162701, at *2.

## CONCLUSION

For the reasons stated above, the Court cannot approve the parties' settlement agreement. The parties may proceed in one of the following two ways by February 28, 2022:

1. The parties may file a revised agreement that addresses the issues identified above; or

2. The parties may file a joint letter indicating their intention to abandon the agreement and continue pursuing this litigation.

SO ORDERED.

Dated:   February 7, 2022
         New York, New York

                                              Ronnie Abrams
                                              United States District Judge

---

[2] Plaintiff's counsel should be aware of this, as he is the attorney who represented Dorian Cheeks.